# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-333-V

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                        *
BRIAN "LARRY" ATKINS,                   *        Chief Special Master Corcoran
                                        *
                  Petitioner,           *        Filed:  January 13, 2025
                                        *
       v.                               *
                                        *
SECRETARY OF HEALTH                     *
AND HUMAN SERVICES,                     *
                                        *
                  Respondent.           *
                                        *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Timothy Rutherford McCarthy*, Nutt Law Office, Louisville, KY, for Petitioner.

*James Vincent Lopez*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On June 30, 2020, Brian "Larry" Atkins ("Petitioner") filed an amended petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-10 et seq. (Vaccine Act). Petitioner alleges that an influenza vaccine he received on October 15, 2018, caused adverse effects, including a "mass on the left deltoid." *See generally* Amended Petition. In particular, Petitioner contends that the vaccine he received was administered by a Kentucky mobile vaccination entity that was later determined to have exercised inadequate safety control over its vaccines, resulting in numerous vaccinated individuals experiencing comparable abscess injuries.

This matter was initiated at the same time as a number of related petitions brought by similarly-situated claimants and represented by the same attorney.[2] The parties consented to

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] *See generally Silvers v. Secretary of Health and Human Services* (No. 20-1V), *Stewart v. Health and Human Services* (No. 20-19V), *Williams v. Secretary of Health and Human Services* (No. 20-1048V), *Stastny v. Secretary of*

resolution of entitlement in one "test case," the results of which could then be applied to the related cases. In April 2024, I ruled in favor of the test case petitioner, finding that the administration of the influenza vaccine had caused him to experience a right shoulder skin abscess associated with a bacterial infection. *See generally Silvers v. Sec'y of Health & Hum. Servs.*, No. 20-1V, 2024 WL 2799285 (Fed. Cl. Spec. Mstr. Apr. 25, 2024).

On October 23, 2024, Respondent filed a Rule 4(c) Report in this action. *See* Respondent's Report (ECF 34) ("Report"). Having reviewed the evidence in this case and taking into account the *Silvers* decision, Respondent elected not to defend the case, requesting instead a ruling on the record. Report at 1-2. In view of Respondent's position, and after my own review of the record, I found Petitioner was entitled to an award of damages. *See Atkins v. Sec'y of Health & Hum. Servs.*, No. 20-333V, 2024 WL 5297983 (Fed. Cl. Spec. Mstr. Nov. 20, 2024).

On January 7, 2025, Respondent filed a proffer proposing an award of compensation. Proffer (ECF No. 36) ("Proffer"). I have reviewed the filing and based upon that review, I conclude that Respondent's proffer (as attached hereto) is reasonable. I therefore adopt it as my Decision in awarding damages on the terms set forth therein.

The proffer awards:

- A lump sum payment of **$10,000.00**, representing compensation for pain and suffering, in the form of a check payable to Petitioner.

Proffer at 2. This amount represents all elements of compensation to which Petitioner is entitled under 42 U.S.C. § 300aa-15(a). *Id.*

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

*Health and Human Services* (No. 20-22V), and *Williams v. Secretary of Health and Human Services* (No. 20-1120V).

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| _____ ) | | |
| BRIAN "LARRY" ATKINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 20-333V |
| v. | ) | Chief Special Master Brian H. Corcoran |
| | ) | ECF |
| SECRETARY OF HEALTH AND | ) | |
| HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| _____) | | |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On June 30, 2020, Brian "Larry" Atkins ("petitioner") filed an amended petition for

compensation under the National Childhood Vaccine Injury Act of 1986, as amended ("the

Vaccine Act" or "the Act"), 42 U.S.C. §§ 300aa-1 to -34, alleging an influenza ("flu")

vaccination he received on October 15, 2018, caused adverse effects, including a "mass on the

left deltoid."  *See* Amended Petition ("Am. Pet.") at 1; Petitioner's Exhibit 10 at 1-2.  On

October 23, 2024, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c)

Report electing not to defend and requesting a ruling on the record regarding petitioner's

entitlement to compensation.  ECF No. 34.  On November 20, 2024, the Chief Special Master

issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation.

ECF No. 35.

## I.    Items of Compensation

    A.    Pain and Suffering

Respondent proffers that petitioner should be awarded $10,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.    Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $10,000.00, in the form of a check payable to petitioner.

## III.    Summary of Recommended Payments Following Judgment

Lump sum payable to petitioner, Brian "Larry" Atkins:    **$10,000.00**

        Respectfully submitted,

        BRIAN M. BOYNTON
        Principal Deputy Assistant Attorney General

        C. SALVATORE D'ALESSIO
        Director
        Torts Branch, Civil Division

        HEATHER L. PEARLMAN
        Deputy Director
        Torts Branch, Civil Division

---

[1]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

VORIS E. JOHNSON
Assistant Director
Torts Branch, Civil Division

*/s James V. Lopez*
James V. Lopez
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-3655
Fax: (202) 616-4310
Email: james.lopez@usdoj.gov

Date: January 7, 2025