# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-333-V

| | | |
|---|---|---|
| BRIAN "LARRY" ATKINS, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: August 13, 2025 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

*Timothy Rutherford McCarthy*, Nutt Law Office, Louisville, KY, for Petitioner.

*James Vincent Lopez*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On June 30, 2020, Brian "Larry" Atkins filed an amended petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that an influenza vaccine he received on October 15, 2018, caused adverse effects, including a "mass on the left deltoid." *See generally* Amended Petition.

I issued an entitlement decision on November 20, 2024, ruling in Petitioner's favor. *See* Ruling on Entitlement, dated Nov. 20, 2024 (ECF No. 35). On January 7, 2025, Respondent filed a proffer proposing an award of compensation, which I found reasonable and adopted as my decision in awarding damages. Proffer, dated Jan. 7, 2025 (ECF No. 36); Decision Awarding Damages, dated Jan. 13, 2025 (ECF No. 38).

---

[1] "Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*"

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

1

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated June 27, 2025 (ECF No. 42) ("Mot."). This is Petitioner's sole fees and costs request. Petitioner requests $6,025.00 in attorney's fees and costs (reflecting $5,625.00 in attorney's fees, plus $400.00 in costs) for the work performed by Timothy McCarthy at the Nutt Law Office. (ECF Nos. 42-1 and 42-4). Respondent reacted to the present fees request on July 7, 2025. *See* Response, dated July 7, 2025 (ECF No. 43) ("Resp."). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2–3. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRAN** Petitioner's motion, awarding fees and costs in the total amount of **$6,025.00**.

I.      Calculation of Fees

Because Petitioner's claim was successful, she is entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which base the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). The *Davis* exception is designed to prevent windfalls to attorneys who work in less expensive legal markets. *See id.* In cases where the bulk of the work is completed outside the District of Columbia, and there is a "very significant difference" between the forum hourly rate and the local hourly rate, the court should calculate an award based on local hourly rates. *Id.* (finding the market rate in Washington, D.C. to be significantly higher than the market rate in Cheyenne, Wyoming).

Petitioner requests the following rates for Mr. McCarthy, based on the years work was performed:

| Year | Years of Experience | Requested Hourly Rate |
|---|---|---|
| 2019 | 26 | $375 |
| 2020 | 27 | $375 |
| 2021 | 28 | $375 |
| 2024 | 31 | $375 |
| 2025 | 32 | $375 |

Affidavit of Timothy McCarthy, dated June 16, 2025 (ECF No. 42-2); ECF No. 42-4 at 1–2.

Mr. McCarthy practices in Louisville, Kentucky—which in the past has not been considered "in forum" (and hence some analysis of an appropriate rate is necessary). *Dougherty v. Sec'y of HHS*, No. 05-700V, 2011 WL 5357816, at *6 (Fed. Cl. Spec. Mstr. Oct. 14, 2011) (citing *Rubert ex rel. Rupert v. Sec'y of HHS*, 52 Fed. Cl. 684, 688-89 (2002)). But Petitioner has provided reliable evidence to determine a reasonable hourly rate in the Western District of Kentucky for attorneys with over 30 years of experience. In addition to counselor's affidavit, Petitioner submitted an Affidavit of Curt Sitlinger who is an attorney practicing in Louisville, Kentucky as well. Affidavit of Curt Sitlinger, dated June 16, 2025 (ECF No. 42-3). Mr. Sitlinger was not an attorney in this matter, and has been practicing law in the Western District of Kentucky for thirty-one years, consistent with Mr. McCarthy's years of practice. *Compare Id.* at 2 *with* ECF No. 42-2 at 2. His affidavit confirms that the rate of $375.00 per hour is customary in the area for attorneys with over thirty years of experience. ECF No. 42-3 at 1. In addition, the requested rate is in keeping with the Office of Special Masters' fee schedule.[3] I thus find no cause to reduce them in this instance. Lastly, I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

## II.   Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedule, https://www.uscfc.uscourts.gov/node/2914 (last visited Aug. 13, 2025).

masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $400.00 in outstanding costs for the filing fee. ECF No. 42-1. This cost is typical in the Vaccine Program and thus eligible for reimbursement. Petitioner's costs shall be awarded in full without reduction.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs, awarding a total amount of **$6,025.00**, reflecting $5,625.00 in attorney's fees and $400.00 in costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED**.

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.